■ With respect to forfeiture, we reverse the district court's application of a blanket equitable exemption. Unlike with abandonment, however, we conclude that equity may be appropriate on a case-by-case basis in the forfeiture context if a landowner can show that steps were taken to transfer water rights during the period of non-use, but that those steps were thwarted by the government or TCID.[21]

## IV. CONCLUSION

Based on our decision in *Orr Water Ditch*, we affirm the evidentiary standard that the district court applied in making its parcel-specific rulings on abandonment. Following *Orr Water Ditch*, we also affirm the district court's determination that 1902 was not the relevant priority date for determining the application of Nevada's forfeiture statute.

We reverse the district court's general equitable exemption of intrafarm transfers from the state law of forfeiture and abandonment.[22] Although we conclude that equity is inappropriate in the abandonment context, where individual landowners may demonstrate that they lacked the requisite intent to abandon as a matter of law, equi-

21. The Tribe argues that any equitable determination by the district court must balance the hardships to the Tribe, something the court did not do in its previous decision. We agree that, on remand, in making its equitable determinations, the district court should balance the negative consequences to the Tribe resulting from any increased diversions.

22. This holding applies only to the extent that the equitable intrafarm exemption was used to find that no abandonment or forfeiture had occurred as to the parcels at issue in the underlying transfer applications. Accordingly, transfer applicant Rambling River is not affected by our remand order because its parcels were not covered by an intrafarm exemption. In *Alpine IV*, the district court affirmed the State Engineer's Ruling No. 4591 to the extent that it stated that there was no clear

ty may be appropriate in the forfeiture context, if the landowners can show on a case-by-case basis that they were prevented from complying with transfer requirements.

The judgment of the district court is therefore

**AFFIRMED IN PART, REVERSED IN PART and REMANDED.** Each party shall bear its or his own costs on appeal.

**Joseph Murl BENNETT, Petitioner–Appellant,**

v.

**Glen MUELLER, Warden; Cal Terhune, Director; Attorney General of the State of California, Respondents–Appellees.**

**No. 00–56199.**

United States Court of Appeals, Ninth Circuit.

Filed May 17, 2002.

Before: BRUNETTI, RYMER and WARDLAW, Circuit Judges.

and convincing evidence of non-use on any specific portion of Rambling River's parcels. *Alpine IV*, 27 F.Supp.2d at 1238. Rambling River's parcels were not part of the district court's remand order and the State Engineer did not address Rambling River in his Supplemental Ruling on Remand No. 4750, in which the intrafarm exemption was applied to the other parcels in question. The United States has also acknowledged that "the district court affirmed the State Engineer's approval of the Rambling Ranches [sic] transfer based *not* on a grant of equitable relief, but rather on the Engineer's factual findings that the water rights had not been abandoned or forfeited." Because the State Engineer made these specific findings, which have not been challenged, Rambling River's transfer applications are not subject to further proceedings on remand.

## ORDER

The Opinion filed November 29, 2001 in *Bennett v. Mueller*, 273 F.3d 895 (9th Cir. 2001), is hereby WITHDRAWN. Appellant's request for a petition for rehearing is GRANTED.

**Julie Ann BLIND–DOAN,**
Plaintiff–Appellant,

v.

**Bron SANDERS, Officer,**
Defendant–Appellee.

No. 00–17194.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2002.

Filed May 28, 2002.